(54 Misc. 581)

### MARINO v. COLLIS.

(Supreme Court, Appellate Term.   June 6, 1907.)

1. EVIDENCE—CONCLUSION.

   In an action on an alleged promise to pay others' board, plaintiff's testimony that defendant "was to pay for the board" was not evidence of a promise to pay, but a mere conclusion.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2149, 2150, 2154.]

2. WITNESSES—EXAMINATION—QUESTIONS ASSUMING FACTS—ASSENT TO COUNSEL'S ASSUMPTION—EFFECT.

   In an action on an alleged promise to pay others' board, no evidence of such promise was offered, where plaintiff assented to his counsel's question, "C. said he would pay you the board bill for the men?" etc.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 829, 834.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Joseph Marino against Lloyd Collis. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Joseph Pascocello, for appellant.

E. Dudley Barlow, for respondent.

GOFF, J. Apart from the denial of the defendant and the decision of the justice upon conflicting testimony, there is no evidence of a promise by the defendant to pay for the board of the men. Plaintiff was questioned:

"What did Mr. Collis say to you, and what did you say to Mr. Collis, in reference to furnishing men with board? A. Well, Mr. Collis and my son talked about the contract. Mr. Collis said: 'You furnish me the men, build the shanty, put the men in, get your men on the job,' and he was to pay me the board bill for the whole of his men.   I paid it myself."

Even under the suggestion of this leading question, the answer does not state that the defendant promised in words or substance to pay for the board. The witness added, "And he was to pay me the

board bill." This was clearly a conclusion of his own, and not a statement of what the defendant said. The next question was:

"Mr. Collis said he would pay you the board bill for the men that would be working on the job?"

Now, Mr. Collis had not said anything of the kind. It was simply an assertion of counsel, to which the witness gave his assent. But it was not evidence. It was typical of a vicious practice by which counsel assumes and asserts a thing which has not been testified to, in the mistaken hope that an assent thereto will constitute evidence. If that were so, it would permit an attorney not under oath to introduce his assumptions under the guise of leading questions as evidence. The law condemns such practice. An examination of this case fails to show that any prejudicial error was committed, or that the justice did not determine the case in accordance with the preponderance of credible testimony.

The judgment should be affirmed, with costs. All concur.